```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
_____
                               )
WILLIAM CRISTO, JR., M.D.,     )
     Plaintiff,                )
                               )
v.                             )   No. 04-12034-RCL
                               )
UNITED STATES OF AMERICA,      )
                               )
     Defendant.                )
_____ )
                               )
```

**MEMORANDUM IN SUPPORT OF
THE DEFENDANT'S MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Now comes the defendant, United States of America, by and through its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and files this Memorandum in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), and requests this Court to dismiss the Complaint against the United States for lack of subject matter jurisdiction.

**I.  Procedural Background:**

William Cristo, Jr., M.D., ("plaintiff") alleges that his last paycheck was seized by the Northampton Veterans Administration Medical Center in the amount of $7,000. The plaintiff's claim specifically names Bruce Gordon, the Director of the Veterans Administration's program at Northampton, in the Complaint.

This case was originally filed on June 10, 2004 in the

Massachusetts' District Court of Newton against Bruce Gordon ("Gordon"), as the Director of North Hampton Veterans Administration (see Complaint).  On September 21, 2004 the United States filed a Notice of Removal of this case on behalf of Gordon from Newton District Court to this Court.  The removal was based upon the fact that Gordon was, at the time, deemed to be acting within the scope of his employment as an employee for the United States pursuant to 28 U.S.C. §§ 2679(d)(1) and (2), and 28 C.F.R. § 15.3.  Therefore, this Court has exclusive jurisdiction of this case against the United States.  28 U.S.C. §§ 1346(b) and 2671, et seq.

Any claim for negligence against employees of the United States acting pursuant to the scope of their employment falls within the FTCA, 28 U.S.C. §§ 1346(b) and 2671, et seq., and the United States is the only proper defendant in a suit brought pursuant to the FTCA. 28 U.S.C. §§ 1346(b) and 2679(a); Rogers v. Mgmt. Tech., Inc., 123 F.3d 34, 38 (1st Cir. 1997); Johnson v. United States Postal Service, 861 F.2d 1475, 1480 (10th Cir. 1988), cert. denied 493 U.S. 811 (1989); Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984); Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982); Carr v. Veterans Admin., 522 F.2d 1355, 1356 (5th Cir. 1975).

On September 21, 2004 the defendant, United States of America, filed a Certificate of the United States Attorney which

attests to the fact that Gordon was acting within the scope of his federal employment at the time that he made a determination about funds owed by the plaintiff.

**III. ARGUMENT:**

The plaintiff's Complaint against the United States must be dismissed because the plaintiffs failed to comply with the jurisdictional prerequisites of the FTCA, 28 U.S.C. § 2675.

>    **1. THE DISTRICT COURT HAS NO SUBJECT MATTER JURISDICTION TO REVIEW THIS CLAIM, AS PLAINTIFF HAS NOT EXHAUSTED ITS ADMINISTRATIVE REMEDIES**

The FTCA provides that a lawsuit may not be brought against the United States unless the plaintiff has first exhausted his administrative remedies.  Thus, before filing suit, a plaintiff must first present a claim to the appropriate federal agency and the federal agency must deny the claim.  28 U.S.C. §2675(a).  The agency's failure to act on an administrative claim within six months may be deemed a denial.  <u>Id.</u>

A claim is deemed presented to an agency when a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal agency.  28 U.S.C. § 14.2.  This administrative claim requirement is a jurisdictional prerequisite and is not waivable.  <u>United States v. Kubrick</u>, 444 U.S. 111, 117-118 (1979); <u>Attallah v. United States</u>, 955 F.2d 776, 776 (1st Cir. 1992). The purpose of the FTCA administrative

claim procedure is to encourage administrative settlement of claims against the United States and prevent unnecessary burdening of the courts.  Absent compliance with the jurisdictional requirement that an administrative claim first be presented to the appropriate federal agency, courts have no jurisdiction to entertain suits under the FTCA.  <u>Id.</u>

In <u>McNeil</u>, *supra,* the plaintiff filed a suit pursuant to the FTCA.  Four months after filing the suit, McNeil submitted an administrative claim with the appropriate federal agency, which in turn denied the claim.  The Supreme Court held that an FTCA action may not be maintained when a claimant fails to exhaust his administrative remedies prior to filing suit.  <u>Id.</u>  The Court affirmed a lower court ruling which found that it lacked subject matter jurisdiction to entertain an action "commenced before satisfaction of the administrative exhaustion requirement under §2675(a).  <u>Id.</u> at 109.

The claim asserted by the plaintiff against the United States sounds in tort.  Thus, the plaintiff was required by the FTCA, 28 U.S.C. § 2675, to file an administrative claim with the appropriate federal agency, i.e., the VA, prior to filing suit.  The plaintiff has never filed an administrative claim with the VA prior to filing this action in the Newton District Court.  (<u>See</u> Declaration of Edward J. Lukey attached as Exhibit "1" to this Memorandum.

The Supreme Court and the First Circuit have consistently held that a timely-presented claim stating a sum certain is necessary for a court to have jurisdiction under the FTCA. McNeil v. United States, 508 U.S. 106, 113 (1993); Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997); Kokaris v. United States, 980 F.2d 20, 22 (1st Cir. 1992); Corte Real v. United States, 949 F.2d 484, 485-486 (1st Cir. 1991); Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990).  As the First Circuit noted in Corte Real, "[t]he purpose of the administrative claim presentment requirements in Section 2675(b) and the applicable regulations is to give notice to the Government `sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.'"  949 F.2d at 486, citing Lopez v. United States, 758 F.2d 806, 809 (1st Cir. 1985).

In the present case, plaintiff never filed an administrative claim.  A search of the VA records fails to disclose any administrative claim filed by plaintiff (see Exhibit 1).  Accordingly, this suit should be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the defendant United States respectfully requests this Court to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    UNITED STATES ATTORNEY

By: /s/Rayford A. Farquhar
    Rayford A. Farquhar
    Assistant U.S. Attorney
    1 Courthouse Way, Ste. 9200
    Boston, MA 02210
    617-748-3100

**CERTIFICATE OF SERVICE**

Suffolk, ss.    Boston, Massachusetts    March 30, 2005

I hereby certify that a true copy of the above document was served upon the Pro Se plaintiff, William Cristo, Jr., M.D., 241 Elliot Street, Newton, MA 02464.

    /s/Rayford A. Farquhar
    Rayford A. Farquhar
    Assistant U.S. Attorney